## MOESZ v. HERMANN.

*(Supreme Court, Special Term, New York County.   June 4, 1889.)*

ARREST IN CIVIL CASES—PERSON BROUGHT FROM ANOTHER STATE.

    An Austrian subject, who is arrested in New Jersey, on a warrant obtained by the Austrian consul from a United States commissioner, for embezzlement, and is brought to New York, given a hearing, and discharged, can be immediately rearrested in a civil action against him for conversion.

At chambers. Action by Gustav Moesz against Leopold Hermann. Defendant, on arriving at Hoboken, N. J., from Europe, was arrested, on a warrant secured by the Austrian consul from a United States commissioner, on the ground that he had embezzled public money in Austria, and could be extradited for this offense. This charge could not be proved, and defendant was discharged by the commissioner, but was immediately arrested on a warrant secured from the sheriff of New York county by the consul for plaintiff, a citizen of Austria, in an action for conversion, in which it was claimed that defendant had been intrusted with government bonds owned by plaintiff, and had sold them, and kept the proceeds of the sale. An order of attachment was also served by plaintiff's counsel on the United States marshal, on property held by him, which had been in defendant's possession when first arrested. Defendant claimed that he had been brought from the state of New Jersey into the state of New York, and within the jurisdiction of the court, by fraud and deceit.

*Solomon, Dulon & Sutro*, for plaintiff.   *D. Hirshfield*, for defendant.

INGRAHAM, J. I do not think the defendant is entitled to his discharge on the ground that he was brought within the jurisdiction of the court by fraud or deceit. The warrant issued by the United States commissioner was granted at the request of the Austrian consul, as representing the Austrian government. It was not brought on behalf of this plaintiff, or for the purpose of aiding in the recovery of his money. In all cases where the process was set aside, it was because it was issued in favor of the person participating in or perpetrating the fraud. A creditor not implicated in the wrong could proceed against the debtor within the jurisdiction of the courts of this state; and I can see no reason why this defendant, being within the jurisdiction of this court, should not be arrested under an order of arrest because he had originally, some days before the order was issued, been brought within the

state by the warrant issued by the United States commissioner at the request of the Austrian government. The defendant having interposed affidavits on which the motion to vacate this order of arrest was made, the question now is whether, on all the papers before the court, facts appear that would justify the granting of the order. After considering all the affidavits, I am entirely satisfied that this defendant did embezzle the property of the plaintiff, and that he left this state to escape the consequence of such embezzlement. The fact that he has sold the property of the plaintiff, and converted the proceeds thereof to his own use, dispenses with the necessity of a demand for the return of the property. The motion to vacate the order of arrest is therefore denied. The affidavits are sufficient to sustain the attachment, and the motion to vacate that is denied. As it does not appear that the plaintiff has attached property sufficient to pay the amount due to him, I do not think he should be compelled to elect between his attachment and order of arrest.